ACCEPTED
01-15-00775-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/23/2015 7:49:53 PM
CHRISTOPHER PRINE
CLERK

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF TEXAS
## HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/23/2015 7:49:53 PM
CHRISTOPHER A. PRINE
Clerk

Adriene Sibley

      Defendant/Plaintiff-Appellant,

    vs.

Seminole Pipeline Co., LLC

    Plaintiff-Appellee

     and

Enterprise Products Operating, LLC
First Call Field Service Corp
TDW Services

    Defendant/Third-Party-Appellees.

Appeal No.  01-15-00775-CV

Trial No.  CI50979

---

Appeal from the County Court at Law #3
Honorable Judge Jeremy Warren

---

## BRIEF OF DEFENDANT/PLAINTIFF-APPELLANT
## ADRIENE SIBLEY

---

Adriene Sibley
4808 Fairmont Pkwy
Pasadena, Texas 77505
sibleyadriene@yahoo.com
832-420-2071

## IDENITY OF COUNSEL

Adriene Sibley                                    Pro Se
4808 Fairmont Pkwy
Pasadena, Texas 77505
sibleyadriene@yahoo.com
832-420-2071


Seminole Pipeline Company, LLC            James Freeman
Enterprise Products Operating, LLC         Nancy Elliott
                                                          713-802-9117


First Call Field Service, Corp.              Cynthia Fronterhouse
                                                          713-467-1760


TDW Services, Inc.                           Marquel Sautural
                                                          713-228-6601

# TABLE OF CONTENTS

I.      Idenity of Counsel                      i

II.     Table of Contents                       ii

III.    Table of Authorities                    iii

IV.     Preface                                 1

V.      Related Cases                           1

VI.     Pertinent Issue                         2

VII.    Affirmative Defense                     3

VIII.   Statement of Case                       4-7

IX.     Issues Presented                        7-8

First Issue

1.  Whether the sanctions order is void because SEMINOLE lacked standing to bring th breach of contract claim?

Second Issue

2.  Whether the trial court abused discretion in dismissing SIBLEY'S claim with prejudice because SIBLEY lacked standing?

Third Issue

3.  Whether the trial court's sanctions order, judgment and all other orders are void because a motion to recuse  to was pending against Judge Warren?

Fourth Issue

4.     Whether Judge Denman's sanctions order is void because the order was issued while a motion to recuse was pending?

Fifth Issue

5. Whether  Judge Denman's sanctions order is void due to lack of notice of the hearing or because Judge Warren participated in the hearing?

Sixth Issue

6. Whether the trial court abused discretion in granting relief to FIRST CALL that did not conform to the pleading?

Seventh Issue

7.     Whether the trial court abused discretion in granting relief to TDW that did not conform to the plaeading?

Eighth  Issue

8.    Whether the orders and judgment are void because the trial judge is disqualified?

X.    Statement of Facts                                         8

XI.  Summary of Argument                                  12

XII.   Arguments and Authorities                          13-32

XIII.   Conclusion                                               32

IVX.   Certificate of Compliance

XVI.   Certificate of Service

XVII.  Appendix

# TABLE OF AUTHORITIES

Assn of Bus. v. Tex. Air Control Board
852 S.W. 2d 440, 443 — 17

Austin Indep. Sch. Dist., 495 S.W. 2d 881 — 17

Bird v. Korman
152 S.W. 2d 196, 197 — 26,28

Buckholts Indep. School Dist. v. Glaser
632 S.W. 2d 146, 148 — 32

Drye v. Eagle Rock Ranch, Inc.
364 S.W. 2d 196, 197 — 14

Hassell Condt. Co. v. Stature Comm. Co.
162 S.W. 3d 664 — 3

Hesser, 842 S.W. 2d 764 — 14

Hudson v. Texas Children's Hosp.
177 S.W. 3d 232, 236-37 — 22

In re C.M.C., 192 S.W. 3d 869 — 17

In re SW Bell Tel Co., 235 S.W. 3d 619, 624 — 21

Johnson v. Pumjani, 56 S.W. 3d 670, 672 — 23

Marcus Cable Assn. v. Krohn
90 S.W. 3d 697 — 16

Patterson v. Planned Parenthood
971 S.W. 2d 439                                          15

## STATUTES

Art. V, 11 of the Texas Const.                          1

Art. 11, Sec. 1 of the Texas Const.                     18,26,30

Texas Rules of Appellate Procedure                      28,30

Texas Rules of Civil Procedure 18a                      22-24, 26

Texas Rules of Civil Procedure 18a(d)                   23

Texas Rules of Civil Procedure 18a(h)                   25

Texas Rules of Civil Procedure 198.2(c)                 29

Texas Rules of Civil Procedure 301                      28

28 USC 1446                                             29

28 USC 1446(d)                                          21

## PREFACE

In this Brief, the Appellant Adriene Sibley will be referred to as SIBLEY. The Appellee Seminole Pipeline Company, LLC will be referred to as SEMINNOLE. The Appellee Enterprise Products Operating, LLC will be referred to as ENTERPRISE. The Appellee First Call Field Services, Inc. will be referred to as FIRST CALL. The Appellee TDW Service Corp. will be referred to as TDW.

The presiding Judge the Honorable Jeremy Warren will be referred to as Judge Warren.

The Honorable Edwin Denman will be referred to as Judge Denman.

The Honorable Olen Underwood will be referred to as Judge Underwood.

The following symbols will be used:

(CR) --Record on Appeal

(SR)--Supplemental Record on Appeal

## RELATED CASES

The case Adriene Sibley v. Charles Robinson, et.al. (01-14-00454-CV) appealed from the 239th District Court Brazoria County, Texas involved the partition of the same property that is the subject of this case   The 239th District Court determined that SIBLEY was the heir of Virginia Rossaw and the SIBLEY had an interest in the property that is the subject of this case. Robinson request that 4.89 acres be

1

partitioned from SIBLEY'S interest in the property and SIBLEY disputed the Robinson had an interest in the property.

## PERTINENT ISSUE

**This was not a contract dispute because SEMINOLE has no workspace agreement with SIBLEY or the Rossaws that authorizes SEMINOLE to use of their property outside the perimeter of the easement for workspace to complete a maintenance and repair operations. SEMINOLE filed the cause of action merely because SEMINOLE was unable to negotiate a workspace agreement with SIBLEY and SEMINOLE had no legal basis to condemn the property.**

SEMINOLE, ENTERPRISE, TDW and FIRST CALL ( collectively "the companies") were utilizing the property co-owned by SIBLEY and the Rossaws located outside the perimeter of the 30 ft. easement for **workspace** without their consent or compensation which is trespassing.

SEMINOLE and/or ENTERPRISE proffered SIBLEY and the Rossaws compensation for **workspace** and an amicable agreement could be reached therefore the said compensation offer was rejected. (CR 10) The companies were notified that they could not use the property owned by SIBLEY and the Rossaws located outside the perimeter of the easement. (CR 137-138)

2

**Seminole could not complete the maintenance and repair operation without the use of SIBLEY'S and the Rossaws' property and did not want to pay them their requested compensation therefore SEMINOLE merely filed a breach of contract claim supported by a false sworn statement made by Shelly Patten to commit a breach of the peace and trespass thus the trial court aided the illegal act.**

## AFFIRMATIVE DEFENSE

SEMINOLE filed a civil action against SIBLEY for breach of contract stating that SIBLEY was a successor, assign and heir to the Grantors in and to the property subject to the Easements. (CR 9) SIBLEY filed a counter-claim against SEMINOLE and a claim against ENTERPRISE, TDW and FIRST CALL as an heir to Virginia Rossaw and having an interest in the property for trespassing, intentional interference with property right and declaratory judgment among other claims. (CR 165-175)

The Companies did not dispute the causes of actions but allege an affirmative defense of **lack of standing because SIBLEY cannot prove SIBLEY has an interest in the property.** An affirmative defense allows the defendant to introduce evidence to establish an independent reason why the defendant should not prevail, it does not rebut the factual proposition of the plaintiff's pleading. Hassell Const. Co. v. Stature Comm. Co. 162 S.W. 3d 664

3

## STATEMENT OF CASE

This case is not a breach of contract however SEMINOLE filed the breach of contract cause of action to avoid the executing a workspace agreement with SIBLEY and the Rossaw and to avoid compensation for the workspace agreement. SIBLEY filed a counter-claim requesting compensation for workspace, a declaration as to the validity of the easement along with other claims.

Pursuant to the easement, SIBLEY and the other Defendants ("the Rossaws") are co-owners of the servient estate and SEMINOLE alleges ownership of the dominant estate.

SEMINOLE, ENTERPRISE, FIRST CALL and TDW (collectively "the companies") were performing a repair and maintenance operation ("operation") on a 30 ft easement located on property that SIBLEY has an ownership interest in. (CR 9) The operation started during December 2013 and continued thru February 18, 2014.

The crux of the case is that the companies used the property outside the perimeter of the easement for the operation for **workspace** without consent therefore the companies trespassed which is an illegal act. **The companies do not dispute that they trespassed on the property outside the perimeter of the easement and SEMINOLE did not dispute that SEMINOLE owned compensation for the use of the property or workspace however, the**

4

**companies merely state that SIBLEY lacked standing to asserts any claims.**

The land agent for ENTERPRISE, Shelly Patton ("Paton") proffered SIBLEY compensation for the use of the property outside the easement and an amicable agreement could not be reached therefore SIBLEY rejected the offer. (CR 10) SIBLEY requested that the companies remove all their equipment located outside the easement from the property. (CR 137-138)

SEMINOLE filed a Breach of Contract claim against SIBLEY, et. al. pursuant to an easement contract executed in 1981 al beit SIBLEY was not a signatory on the easement contract merely to invoke the jurisdiction of the Court to obtain a temporary restraining order so that the companies could utilize the property outside the perimeter of the easement for **workspace** without consent of the Rossaws to avoid paying the Rossaws the requested compensation for **workspace.**

SEMINOLE'S petition asserted that SEMINOLE needed to use the property for **workspace**, that SEMINOLE were required to obtain a **workspace agreement** for the use of the property, that SEMINOLE offered compensation and that SIBLEY requested $120,000.00, and that SEMINOLE was unable to reach an agreement as to the compensation amount with SIBLEY therefore that SEMINOLE made the decision to cease the operations on the easement and demobilized to avoid civil litigation (i.e. a temporary restraining order). (CR 1)

SIBLEY filed a counter-claim against SEMINOLE for trespassing, requested a

5

declaratory judgment as to validity of the easement and other claims. (CR 165-175) SIBLEY filed a claim against ENTERPRISE, TDW and FIRST CALL for trespassing and other claims. (CR 51-67)

The companies claimed an affirmative defense that SIBLEY lacked standing to assert the claims. SIBLEY admits that it appears to be absurd that SEMINOLE filed a cause of action against SIBLEY as having an interest in the property and then claimed that SIBLEY lacked standing to file a counter-claim against SEMINOLE.

The companies stipulated that the deed recorded in the Official Property Records of Brazoria County, Texas in 1931 dictates that title to the property was in the Simon Rossaw and that the Brazoria County Appraisal District shows that title to the property is vested in the estate of Virginia Rossaw therefore SIBLEY must show a chain of title from Simon Rossaw (deceased in 1950) or the estate of Virginia Rossaw (deceased in 1958) to SIBLEY for SIBLEY to have standing to file her claims.    (CR 272-273, CR 107)

It is undisputed   that there is no chain of title from **Simon Rossaw or the the estate of Virginia Rossaw to the   signatories on the easement contract** therefore the companies must show a chain of title from the estate of Virginia Rossaw to the signatories for SEMINOLE to have standing.

SEMINOLE could not prove that it had a valid easement therefore SEMINOLE non-suited it's case. (CR 250-251)

## ISSUES PRESENTED

1. WHETHER THE SANCTIONS ORDER IS VOID BECAUSE SEMINOLE LACKED STANDING TO BRING THE BREACH OF CONTRACT CLAIM?

2. WHETHER THE TRIAL COURT ABUSED DISCRETION IN DISMISSING SIBLEY'S CLAIMS WITH PREJUDICE BECAUSE SIBLEY LACKED STANDING?

3. WHETHER THE TRIAL COURT'S SANCTIONS ORDER, JUDGMENT AND ALL OTHER ORDERS ARE VOID BECAUSE A MOTION TO RECUSE WAS PENDING AGAINST JUDGE WARREN?

4. WHETHER JUDGE DENMAN'S SANCTIONS ORDER IS VOID BECAUSE THE ORDER WAS ISSUED WHILE A MOTION TO RECUSE WAS PENDING?

5. WHETHER JUDGE DENMAN'S SANCTIONS ORDER IS VOID DUE TO LACK OF NOTICE OF THE HEARING OR BECAUSE JUDGE WARREN PARTICIPATED IN THE HEARING?

6. WHETHER THE TRIAL COURT ABUSED DISCRETION IN GRANTING RELIEF TO FIRST CALL THAT DID NOT CONFORM TO THE PLEADINGS?

7. WHETHER THE TRIAL COURT ABUSED DISCRETION IN GRANTING RELIEF TO TDW THAT DID NOT CONFORM TO THE PLEADINGS?

**8. WHETHER THE ORDERS AND JUDGMENT ARE VOID BECAUSE THE TRIAL JUDGE IS DISQUALIFIED?**

## STATEMENT OF FACTS

The facts for the purpose of this appeal are undisputed:

1.  The Official Public Records of Brazoria County ("OPRBC") show that Simon Rossaw (deceased) was the deed holder as of 1931. (CR 107, Cr 270)

2.  The Brazoria County Appraisal District ("BCAD") show that the Estate of Virginia Rossaw is the owner of the property. (CR 107, CR 273)

3.  Simon Rossaw and the estate of Virginia Rossaw were not signatories on the easement. (CR 9)

4.  Ora Mae Kennedy, Margie Bell Lewis, Joel Rossow, Robert Rossow, Minnie Mae Helm, William Moore, Ella Louise Dorsey and Herman Edwards (collectively "the signatories) executed a easement contract for a 30 ft. easement on the property that provided Seminole the right to ingress to and egress from the property in 1981. (CR 271-276)

5.  SEMINOLE did not show a chain of title from the estate of Virginia Rossaw to the signatories on the easement. (CR 107)

6.  John Moore was the full blooded brother of William Moore and was not a signatory on the easement. John Moore's death certificate and William Moore's death certificate show that they are siblings with the same parents. (CR 278-279)

7.  John Moore was the ward of the County Court at Law #3 in 1981 and the

County Court at Law #3 did not approve the easement. (CR 277)

8. The County Court at Law #3 closed the estate of John Moore in 2014 after the estate of John Moore was cited as having a interest in the said property. (CR 283)

9. Margie Lewis Morgan (John Moore's cousin) was the legal guardian of John Moore. (CR 281)

10. SIBLEY was not a signatory on the easement. (CR 107)

11. SIBLEY is the daughter of Margie Lewis Morgan (deceased). (CR 282)

12. Joel Rossow also Joel Ross conveyed his interest in the property that he inherited from Virginia Rossaw to SIBLEY. (CR 280)

13. SIBLEY has an interest in the said property.

14. The easement did not provide for workspace for SEMINOLE to perform it's operation on the easement. (CR 274)

15. The easement provided SEMINOLE the right to use the said property outside the perimeter of the easement to ingress to and egress from the easement. (CR 274)

16. SEMINOLE, ENTERPRISE, TDW and FIRST CALL were denied consent to use the property outside the perimeter of the easement to perform their operation on the easement. (CR 107)

17. SEMINOLE, ENTERPRISE, TDW and FIRST CALL utilized the property outside the easement for **workspace** without consent therefore trespassing.

9

18.   SIBLEY and the Rossaw heirs request compensation from SEMINOLE for the use of the property outside the perimeter of the easement in exchange for consent to use the property for **workspace**.

19.   SIBLEY and SEMINOLE and/or ENTERPRISE were unable to reach a **workspace agreement so that the companies could use** the property outside the perimeter of the easement for **workspace.** (CR 10)

20. Shelly Patton, the land agent for ENTERPRISE had no personal knowledge as to any installation of a new lock on the gate to the easement.

21.   SEMINOLE and ENTERPRISE made the decision to terminate the repair and maintenance operation on the easement to avoid civil litigation. (CR 10)

22.   The companies performed work on the easement during the time period the SEMINOLE suggested that they were denied access to the easement. The invoices of TDW and First Call show that work was performed on the easement.   (CR 108)

23.   SIBLEY filed a Notice of Removal to the Southern District of Mississippi on August 5, 2014. (CR 30-31)

24.   SIBLEY inadvertently filed a Motion to Recuse Judge Warren on August 14, 2014. (CR 41-42)

25.   Judge Underwood denied the Motion to Recuse Judge Warren on August 22, 2014.

10

26. The case was remanded to the County Court at Law #3 from the Southern District of Mississippi on January 23, 2015. (CR 296)

27. SIBLEY filed a Motion to Recuse Judge Warren on April 13, 2015 and served Judge Warren via certified mail (receipt # 70142120000116464474) with a copy of the motion.

28. Judge Warren referred the motion to Judge Underwood on April 24, 2015 and held hearings. (CR 41-42)

29. Judge Warren held hearings on the motion for sanctions and various other motions on April 24, 2015 and SIBLEY was not present. (CR 302)

30. Judge Underwood assigned the motion to recuse to Judge Ed Denman on May 7, 2015 to conduct a hearing.

31. SIBLEY filed a motion to recuse Judge Denman on May 11, 2015 and Judge Denman referred the motion to Judge Underwood on May 11, 2015. (CR 194)

32. Judge Denman determined the Motion to Recuse Judge Denman was a tertiary motion and continued to hear the motion to recuse Judge Warren. (CR 215-217)

33. Judge Denman denied the Motion to Recuse Judge Warren on May 11, 2105 and ordered sanctions without notice. (CR 215-220)

34. Judge Warren issued numerous orders on May 11, 2015 without a hearing including the sanctions order and a order to show cause. (CR 304)

11

35.     Judge Warren required the County Court Clerk to served notice of the show cause order on SIBLEY on behalf of the companies and required the County of Brazoria to pay the fee for the serve of the show cause order. (CR 305)

36.     Judge Warren set a hearing on a the show cause order on May 26, 2015.

37.     On May 20, 2015 Judge Warren set a hearing on a motion to dismiss on May 26, 2015 al beit there was no motion to dismiss filed and required the County Clerk to served notice of the hearing on SIBLEY on behalf of the companies and required the County of Brazoria to pay the fee for service of the notice. (CR 305)

38.     Judge Warren canceled the hearing on the show cause order scheduled on May 26, 2015 on behalf of the companies. (CR 306)

39.     Judge Warren dismissed SIBLEY'S claims with prejudice on May 26, 2015 due to lack of standing (CR 306-307) and SEMINOLE non-suited it's case. (CR 248-249)

## SUMMARY OF ARGUMENT

SIBLEY has an interest in the said property and SEMINOLE does not have a valid easement.  Absent a valid easement, SEMINOLE lacked standing to file the breach of contract claim or in the alternative, a valid easement cannot give SEMINOLE the authority to use the property outside the easement for workspace or to trespass therefore the trial court was without subject matter jurisdiction or jurisdiction to grant any relief or sanctions.

Additionally, the judgment and the all orders were issued while a motion to recuse was pending and there was no notice of hearing Judge Denman's sanctions hearing.

## ARGUMENTS AND AUTHORITIES

1.    **WHETHER THE SANCTIONS ORDER IS VOID BECAUSE SEMINOLE LACKED STANDING TO BRING THE BREACH OF CONTRACT CLAIM?**

The Court's sanctions order was based on SIBLEY'S Notice of Removals that removed SEMINOLE'S petition to the SOUTHERN DISTRICT OF TEXAS and the SOUTHERN DISTRICT OF MISSISSIPPI. (CR 83-98)

The Court records show that Zabel and Freeman was not the attorneys of record for the case in Mississippi, more specifically, Zabel and Freeman was not authorized to practice law in the Mississippi therefore any sanctions order is void as against public policy because the order violate Texas Rules of Disciplinary Conduct.

The crux of SIBLEY'S argument is that SEMINOLE lacked standing to sue SIBLEY because SEMINOLE was unable to prove that SEMINOLE was legally granted a non-possessory interest in the  property by the owners of the property or because there is no servient or dominant estate therefore the trial court lacked subject-matter jurisdiction and was without jurisdiction to issue the sanctions

13

orders for removal of the case to federal court. Lack of subject-matter jurisdiction is the absence of power to make any rulings at all. Hesser, 842 S.W. 2d 764

SEMINOLE stipulated that the recorded deed in the Official Property Records of Brazoria named SIMON ROSSAW (deceased 1950) as the owner of the property (deed filed 1931) and that pursuant to the Brazoria County Appraisal District the property owner was the ESTATE OF VIRGINIA ROSSAW(deceased 1958) and neither party was a signatory on the easement. (CR 107, CR 274-276) SEMINOLE has to prove a chain of title from SIMON ROSSAW or the estate of VIRGINIA ROSSAW to the signatories on the easement to prove SEMINOLE'S standing to sue.

In the alternative, all the co-owners of the property in 1981, more specifically JOHN MOORE did not execute an easement therefore there was no dominant and servient estate and no easement was created.

a. **Easement**

An easement requires a dominant and a servient estate. The dominant estate is the estate in which the easement is attached; the servient estate is subject by use of the dominant estate to the extent of the easement granted. Drye v. Eagle Rock Ranch, Inc. 364 S.W. 2d 196, 197 SIBLEY and the Rossaws hold the servient estate and SEMINOLE allege that SEMINOLE hold the dominant estate.

SEMINOLE alleges that SEMINOLE hold the dominant estate pursuant to a

grant of easement executed by Ora Mae Kennedy, Margie Bell Lewis, Minnie Mae Helm, Joel Rossaw, Robert Rossow, William Moore, Ella Louise Dorsey and Herman Edwards in 1981 ( collectively "the signatories"). (CR 9)

SEMINOLE admits that pursuant to the Official Property Records of Brazoria County the deed recorded in 1931 shows that SIMON ROSSAW (deceased 1950) was the owner and the Brazoria County Appraisal District show that the ESTATE OF VIRGINIA ROSSAW (deceased 1958) is the owner of the property and was the owner of the property in 1981. (CR 107)

Texas law stipulates that only the owners of property can transfer property rights or their ownership interest. SEMINOLE admits that SIMON ROSSAW or the ESTATE OF VIRGINIA ROSSAW did not execute the easement therefore to have standing to prosecute a breach of contract claim SEMINOLE must show a chain of title from SIMON ROSSAW or the ESTATE OF VIRGINIA ROSSAW to the signatories on the easement in order for SEMINOLE to have any property rights.

SIBLEY asserts that absent a chain of title to the signatories SEMINOLE cannot have standing to bring the lawsuit. Standing focuses on the question of who may bring a lawsuit. Patterson v. Planed Parenthood 971 S.W. 2d 439

15

## b.   Signatory on the easement

To create an easement, the owners of the property must execute a grant of easement to create a dominant estate holder.   SIBLEY asserts that if an easement was created by the execution of the express easement by the signatories and SIBLEY disputes this fact, then JOHN MOORE which was William Moore's full-blooded brother was required to execute an express easement to grant SEMINOLE a non-possessory interest in JOHN MOORE'S property that authorized SEMINOLE to use JOHN MOORE'S property.   The death certificate of JOHN MOORE  and William Moore show that they have the same parents therefore brothers. (CR 278-279) An easement is a non-possessory interest in another's property that authorizes it's holder to use that property for a particular purpose.   Marcus Cable Assoc.  v.  Krohn  90 S. W. 3d 697

JOHN MOORE was a ward of the County Court at Law #3 in 1981 with Melinda Stephner as the court-appointed guardian. (CR 277) Melinda Stephner did not execute an easement and the court did not approve the execution of the easement.   Margie Lewis ("SIBLEY'S mother and JOHN MOORE'S cousin) was appointed guardian of JOHN MOORE in 1999 by the County Court at Law #3. (CR 281)

Ironically, the estate of JOHN MOORE was pending in the County Court at Law #3 in 2014  and Judge Warren closed the case without notice to the heirs

16

presumably because SIBLEY was a creditor and SIBLEY'S claim requested compensation from SEMINOLE to the estate of JOHN MOORE for his interest in the property.

SIBLEY asserts that JOHN MOORE did not execute an easement therefore JOHN MOORE did not convey SEMINOLE a non-possessory interest in JOHN MOORE'S property and the heirs of JOHN MOORE ( SIBLEY and the Rossaws) have an interest in the dominant estate thus there is no separate servient estate and dominant estate and no easement was created or in the alternative, SIBLEY and the Rossaws are co-tenants in the easement with SEMINOLE therefore SEMINOLE have no exclusive property rights.

JOHN MOORE was an incapacitated adult and a ward of the county court at law #3 therefore legally incapable of joining in the conveyance and the County Court at Law #3 did not authorize the conveyance. (CR 277) SIBLEY asserts that in both circumstances SEMINOLE had no standing to file the petition.

## c. Standing

Standing is a prerequisite to maintaining a suit under Texas law. Ass'n of Bus. v. Tex. Air Control Board. If a party lacks standing, a court lacks subject-matter jurisdiction to hear the case. In re C.M.C., 192 S.W. 3d 869 If the court's lacks subject-matter jurisdiction then it's decision would not bind the parties. Austin Indep. Sch. Dist., 495 S.W. 2d 881 A decision that does not bind

17

the parties is, by definition, an advisory opinion prohibited by Texas law. (Art. II, Section 1, of the Texas Constitution as prohibiting advisory opinions)

SIBLEY asserts that SEMINOLE lacks standing to file the breach of contract petition therefore the trial court lack subject-matter jurisdiction and could only dismiss the case thus the sanctions order is void.

**2. WHETHER THE TRIAL COURT ABUSED DISCRETION IN DISMISSING SIBLEY'S CLAIMS WITH PREJUDICE BECAUSE SIBLEY LACKED STANDING?**

SEMINOLE, ENTERPRISE, TDW and FIRST CALL ("the companies") filed a Motion to Show Cause requesting the trial court to issue a show cause order requesting SIBLEY to show that she had standing to pursue her claims. (CR 99-111, CR 113-126) TDW filed a joiner in and adoption of SEMINOLE'S motion to show cause. (CR 176-180) The companies admitted that the OPRBC show that the recorded deed to the property was in the name of SIMON ROSSAW and that the BCAD show that the ESTATE of VIRGINIA ROSSAW was the legal owner of the property. The companies stated that the BCAD show that the tax record as in care of Reginald Rossow and Winston Rossaw al beit the tax records show that SIBLEY pay the property taxes on the property therefore SIBLEY asserts that the companies intentionally misled the court and committed fraud upon the court. The companies argued that SIBLEY had to show a chain of title from the ESTATE

of VIRGINIA ROSSAW to herself to prove standing.

SIBLEY asserts that SIBLEY does not have to prove standing to file a compensatory counter-claim against SEMINOLE or to join all necessary parties. SEMINOLE filed a cause of action against SIBLEY as the successor-in-interest or heir dictating the SIBLEY has an interest in the property.

SIBLEY'S counter-claim states that SIBLEY is the heir to the estate of Virginia Rossaw, a heir of JOHN MOORE and that Joel Rossaw also Joel Ross conveyed SIBLEY his interest the Joel Ross inherited from Virginia Rossaw via Special Warranty Deed in 2012. (CR165-175)

The 239th District Court of Brazoria County, Texas issued judgment in 2010 that was before the First Court of Appeal (01-14-00454-CV) that involved the same property and the judgment stated that SIBLEY had interest in the property and the SIBLEY was the heir of Virginia Rossaw. (CR 156)

SIBLEY provided a copy of the Special Warranty Deed executed by Joel Ross to the trial court with SIBLEY'S Motion for New Trial that was denied by operation of law. (CR 280)

SEMINOLE allege property rights to the easement based on the express easement executed by Margie Belle Lewis as co-owner of the property. Margie Lewis is deceased and the biological mother of SIBLEY therefore pursuant to the Texas Probate Code SIBLEY inherited Margie Lewis's interest in the property

19

upon her death in 2007. Margie Lewis's death certificate show that SIBLEY was her daughter and SIBLEY filed the death certificate with the court. (CR 282)

JOHN MOORE, a ward of the court died intestate with not siblings or parents therefore SIBLEY is an heir to JOHN MOORE as his cousin and a creditor because SIBLEY paid the funeral expenses and has a lien against the estate. JOHN MOORE'S death certificate and guardianship documents show that Margie Lewis Morgan was his cousin therefore proof exist that SIBLEY was JOHN MOORE'S cousin and heir. (CR 281)

SIBLEY asserts that the trial court abused discretion in the determination that SIBLEY had no interest in the property and lacked standing.

3.   **WHETHER THE TRIAL COURT'S SANCTIONS ORDER, JUDGMENT AND ALL ORDERS ISSUED ARE VOID BECAUSE A MOTION TO RECUSE WAS PENDING AGAINST JUDGE WARREN?**

SIBLEY filed a Notice of Removal that removed the case to the Southern District of Mississippi in August 5,2014 pursuant to 28 USC 1446 and the case was remanded on January 23, 2015. (CR 19-20)

SIBLEY inadvertently filed a Motion to Recuse Judge Warren while the case was removed on August 2014. Judge Warren referred Motion to Recuse to Judge Underwood and the letter accompanying the motion stated that the case had been removed to federal court. Judge Underwood denied the Motion to Recuse on

20

August 2014 while the case was removed.

Federal law dictates that once a case is removed the state court no longer has jurisdiction over the matter therefore any orders issued are void. If a party follows the proper procedure for removing a case to federal court, the state court loses jurisdiction and may not proceed further unless the case is remanded. 28 USC 1446(d) In re SW Bell Tel. Co. 235 SW 3d 619, 624

**a. Motion to Recuse a Nullity**

The Motion to Recuse Judge Warren filed on August 2014 was filed after the case had been removed on August 5, 2014. Because the case had been removed there was no case pending in the County Court at Law #3 on August 14, 2014 to file the motion to recuse into therefore the filing of the motion to recuse with no pending case was a **nullity.** (CR 43)

SIBLEY asserts that the filing of the Motion to Recuse in August 14, 2014 was a nullity therefore the Motion to Recuse Judge Denman was not a tertiary motion. SIBLEY filed a Motion to Recuse Judge Denman on May 11, 2015. (CR 194) Judge Denman referred the motion to recuse to Judge Underwood on May 11, 2015 proceed with the hearing because Judge Denman considered the Motion to Recuse Judge Denman a tertiary motion. (CR 215-217) Judge Denman followed Tex. R. Civ. P. 18a and forwarded the motion to recuse Judge Denman to the administrative judge.

21

SIBLEY asserts that the motion to recuse Judge Denman was not a tertiary motion to recuse therefore Judge Denman was prohibited from proceeding any further on the hearing of the motion to recuse Judge Warren until after Judge Underwood issued his order pursuant to said motion and all orders issued by Judge Denman are void. Tex. R. Civ. P. 18a requires that the judge make no further orders and take no further actions prior to a hearing on the forwarded motion therefore Judge Denman's orders were signed in violation of 18a thus void. An order signed in violation of 18a is "void". Hudson v. Texas Children's Hosp. 177 S.W. 3d 232, 236-37.

Judge Denman's order that denied the motion to recuse Judge Warren is void therefore there was a motion to recuse to Judge Warren was pending when Judge Warren issued the sanctions order, the judgment and all other orders thus the judgment and all those orders are void.

**b.  Order Void**

SIBLEY asserts that the motion to recuse filed on August 14, 2014 was a nullity al beit in the alternative, that the motion to recuse was not a nullity and SIBLEY disputes this fact, SIBLEY asserts that the order issued by Judge Underwood that denied the Motion to Recuse is void because the order was issued while the case removed to federal court therefore the Motion to Recuse Judge Warren is currently pending and all orders issued including the judgment and

22

sanctions order are void because all orders including the judgment and sanctions were issued while a motion to recuse was pending. The trial court is prohibited from taking further action in the case until the motion to recuse has been resolved . Tex. R. Civ. P. 18a(d) The failure to comply with the rules is an abuse of discretion as a matter of law and all actions taken by the trial court subsequent to the filing of the recusal motion is void. Johnson v. Pumjani 56 S.W. 3d 670, 672

c. **Hearings a Nullity**

SIBLEY asserts that the Motion to Recuse was filed on April 13, 2015 and Judge Warren proceeded with hearing on the Motion for Sanctions and Motion to Show Cause on April 24, 2015 with a motion to recuse Judge Warren pending. (CR 32) Judge Warren forwarded the motion to recuse on April 24, 2015 to the administrative district pursuant 18a. However, Tex. R. Civ. P. 18a clearing states that the Judge shall proceed no further and take no further action prior to a hearing on the forwarded motion therefore the hearing on the motion for sanction, motion to show cause and other motions are a nullity thus the sanctions order. show cause order and all orders issued pursuant to the April 24, 2015 hearing are void.

SIBLEY asserts that the hearing were a nullity and the sanctions order, show cause order and all other orders were issued without a hearing and notice which a violation of SIBLEY'S 5th Amendment right to due process therefore said orders

23

are void.

## 4. WHETHER JUDGE DENMAN'S SANCTIONS ORDER IS VOID BECAUSE THE ORDER WAS ISSUED WHILE A MOTION TO RECUSE PENDING?

Judge Underwood assigned the Motion to Recuse Judge Warren to Judge Denman on to hold a hearing. SIBLEY filed a Motion to Recuse Judge Denman because of a pending civil action in Judge Denman's Court where SIBLEY is a party. (CR 194-207)

Judge Denman forwarded the motion to recuse to Judge Underwood and then determined that the Motion to Recuse Judge Denman was a tertiary motion and proceeded to hold the hearing on the Motion to Recuse Judge Warren. (CR 215-217)

Judge Denman determined that the Aug. motion to recuse was the first motion to recuse, the April motion to recuse was the second motion therefore the motion to recuse Judge Denman was the third motion.

SIBLEY asserts that the August Motion to Recuse Judge Warren was a nullity because the motion was filed after the case was removed to federal court and there was a pending case to file the motion into therefore the motion to recuse Judge Denman is not a tertiary motion and the Tex. R. Civ. P. 18a prohibited Judge Denman from proceeding thus the sanctions order is void.

24

**5. WHETHER JUDGE DENMAN'S SANCTIONS ORDER IS VOID DUE TO LACK OF NOTICE OF THE HEARING OR BECAUSE JUDGE WARREN PARTICIPATED IN THE HEARING?**

**a.   No Notice of Hearing**

Judge Denman held a hearing on May 11, 2015 on SIBLEY'S motion to recuse Judge Warren.   Judge Denman alleges that notice of hearing on the motion to recuse was served on SIBLEY via e-mail nevertheless there was no allegation that the notice of hearing for sanctions was served on SIBLEY. (CR 283) More specifically, there was no request for sanctions filed with Judge Denman on May 7, 2015 when the alleged notice of hearing was served via e-mail. (CR 211)

Tex. R. Civ. P. 18a(h) clearly permits sanctions after notice and hearing therefore SIBLEY asserts that  there was no notice of hearing on the motion for sanctions thus Judge Denman's sanctions order violated 18a and is void.

**b.  Judge Warren participated in proceeding**

SIBLEY asserts that the order on the motion to recuse and sanctions is void because Judge Warren intervened and participated in the proceeding.  SIBLEY asserts that Judge Warren aligned himself with the SEMINOLE and/or ENTERPRISE and acted as counsel.  Judge Warren acted as counsel and aligned himself with SEMINOLE when Judge Warren reviewed SEMINOLE'S response to SIBLEY'S motion to recuse and SEMINOLE'S sanctions request and then Judge

intervened in the proceeding by contacting the attorneys for SEMINOLE ex parte with a note with legal advice instructing the attorneys to take the response to court with Judge Denman. SIBLEY asserts that the ex parte note gives the appearance that Judge Warren approved the response and sanctions request. The Case Summary show that Judge Warren sent a note to the attorneys. (CR 303) Art. V, 11 of the Texas Const. disqualified is warranted when a judge has an interest in the case, is connected to a party within the requisite degree of relationship or has been counsel in the case.

## 6. WHETHER THE TRIAL COURT ABUSED DISCRETION IN GRANTING RELIEF TO FIRST CALL THAT DID NOT CONFORM TO THE PLEADING?

It is a well established rule that a judgment must conform to the pleadings. Tex. P. Civ. P. 301 A trial court may not grant relief to a party in the absence of pleadings to support that relief. Bird v. Korman 152 S.W. 3d 154, 161 SIBLEY asserts that the trial granted relief to FIRST CALL that exceeded the scope of the pleadings and evidence.

SIBLEY filed a motion to recuse on April 13, 2015 and Judge Warren signed the order granting FIRST CALL'S show cause order on April 14, 2015 while the motion to recuse was pending therefore the show cause order is void pursuant to Tex. R Civ. P. 18a and there was no motion to dismiss pending thus there was no

request by FIRST CALL to dismiss the case and the judgment did not conform to the pleadings.

Furthermore, the evidence show that it is undisputed that FIRST CALL used the property owned SIBLEY and the Rossaws outside the perimeter of the easement without consent or compensation for the repair and maintenance operation.

SIBLEY served FIRST CALL with a discovery request that contained admissions on March 31, 2015. (CR 298) SIBLEY filed a Notice of Service of Discovery on April 16, 2015. (CR 162-164) FIRST CALL failed to answer the admission therefore pursuant to Tex. R. Civ. P. 198.2(c) the admissions were deemed admitted as of May 1, 2015. By rule, a request for admission is considered admitted if a response is not timely served.

Additionally, the evidence show that FIRST CALL admitted that FIRST CALL utilized the property outside the perimeter of the easement for workspace and that FIRST CALL agreed to and owed compensation at the rate of $3000.00 per day for the days of usage. The discovery request is attached for judicial notice. (App A)

SIBLEY asserts that FIRST CALL admitted that FIRST CALL'S debt owed to SIBLEY is at the rate of $3000.00 per day and FIRST CALL failed to obtain a show cause order to dismiss the SIBLEY'S claims therefore the judgment that

27

dismisses SIBLEY'S claims against FIRST CALL do not conform to the pleadings therefore void.

Tex. R. App. P. 43.2(b) authorizes appellate courts to modify the trial court's judgment and affirm it as modified therefore SIBLEY request the Appellate Court to modify the judgment as against FIRST CALL in favor of SIBLEY for $3000.00 per day for the days of usage of the property and to remand the case to lower court to determine the number of days.

7.     **WHETHER THE TRIAL COURT ABUSED DISCRETION IN GRANTING RELIEF TO TDW THAT DID NOT CONFORM TO THE PLEADING?**

It is a well established rule that the judgment must conform to the pleadings. Tex. R. Civ. P. 301.   A trial court may not grant relief to a party in the absence of pleadings to support that relief.  Bird  v.  Kornman  152  S.W. 3d 154, 161 SIBLEY asserts that the trial court granted relief exceeding the scope of the pleadings and evidence.

The evidence show that it is undisputed that TDW utilized the property owned by SIBLEY and the Rossaw outside the perimeter of the easement   for workspace without consent or compensation for the repair and maintenance repair.

The evidence show that TDW owe SIBLEY and the Rossaws compensation for workspace. SIBLEY served a discovery request that contained admissions on

28

TDW on March 30, 2015. (CR 297) SIBLEY filed a Notice of Service of Discovery on April 16, 2015. (CR 162-164) TDW failed to answer the admissions therefore pursuant to Tex. R. Civ. P. 198.2(c) the admissions were deemed admitted as of May 1, 2015.

More specifically, the evidence show that TDW agreed to and owed compensation for workspace at the rate of $3000.00 per day for usage of the property for workspace because the admissions were deemed admitted. The discovery is attached in appendix for judicial notice. (App. B)

TDW filed a Joiner in and adoption of Seminole's motion to show cause al beit the joiner was filed after SEMINOLE'S show cause order was granted therefore the court never considered TDW'S pleading thus TDW never requested SIBLEY show cause or never requested that SIBLEY'S claims be dismissed. Notwithstanding, the fact that the any order or judgment is void because the motion to recuse Judge Warren filed on August 14, 2014 was still pending because Judge Underwood's order that denied the motion to recuse was void because the order was issued when the case had been removed to federal court. 28 USC 1446

In the alternative, the motion to recuse Judge Warren filed on August 14, 2014 was a nullity because the motion was filed when the case was removed to federal court therefore the motion to recuse Judge Denman was not a tertiary motion and Judge Denman's order issued May 11, 2015 that denied the motion to

29

recuse Judge Warren was void thus the motion to recuse Judge Warren filed on April 13, 2015 is still pending thus the judgment and all the orders of Judge Warren are void. Tex. R. Civ. P. 18a

SIBLEY asserts in both of above circumstance, FIRST CALL had no pleading that requested relief that SIBLEY'S cause of action be dismissed and the admissions is evidence that show that TDW agreed to and owed compensation for workspace therefore the judgment did not conform to the pleading thus is void.

Tex. R. Civ. P. 43.2(b) authorizes appellate courts to modify the trial court judgment and affirm it as modified therefore in the interest of justice SIBLEY request that the Appellate Court to modify the judgment as against TDW for $3000.00 per day for the days of usage and to remand the case to the lower court to determine the number of days.

## 8.    WHETHER THE ORDERS AND JUDGMENT ARE VOID BECAUSE THE TRIAL JUDGE IS DISQUALIFIED?

Pursuant to Art. V, 11 of the Texas Const., disqualification is warranted when a judge has an interest in the case, is connected to a party within the requisite degree or relationship or has been counsel in the case.

SIBLEY asserts that Judge Warren arbitrarily aligned himself with SEMINOLE and ENTERPRISE acting as counsel when Judge Warren requested that the Brazoria County Clerk serve notice of the show cause hearing on Sibley,

30

when Judge Warren set the hearing for a Motion to Dismiss and when Judge Warren required the Brazoria County Clerk to serve SIBLEY with notice of the hearing on a Motion to Dismiss.

SIBLEY asserts that Judge Warren had a pecuniary interest in the case when Judge Warren required the Brazoria County Clerk to served SIBLEY by certified mail with the show cause orders on behalf of SEMINOLE and ENTERPRISE and for Brazoria County to incur the costs. The cost for the Brazoria County Clerk to serve the notices was $75.00 per notice and the Clerk served 3 notices for a total fee of $225.00 therefore Judge Warren authorized the $225.00 fee which gave Judge Warren a pecuniary interest in the case.

SEMINOLE'S and ENTERPRISE'S case transactions summary show that SEMINOLE or ENTERPRISE did not pay the cost for the Brazoria County Clerk to serve the show cause orders upon SIBLEY. (CR 248-249)

SIBLEY asserts that Judge Warren acted as counsel on behalf of SEMINOLE and ENTERPRISE by effecting notice of the hearing on SIBLEY and the Judge Warren obtained a pecuniary interest the case in the amount of $225.00 as a Brazoria County Resident and Judge when Judge Warren authorized the Brazoria County Clerk to serve the notices on behalf of SEMINOLE and ENTERPRISE and Brazoria County incur the costs therefore all orders and the judgment is void. Any order or judgment by a disqualified judge is void, without effect and subject t

31

collateral attack. Buckholts Indep. School Dist. v. Glaser 632 S.W. 2d 146, 148

## CONCLUSION

SIBLEY asserts that the judgment, sanctions orders and all other orders are void and that it is undisputed that the companies utilized SIBLEY'S property outside the perimeter of the easement without consent or compensation. The Companies do not dispute that they owe SIBLEY and the Rossaws compensation for workspace however the Companies merely state SIBLEY lacks standing. SIBLEY prays that the Appellate Court reverse the trial court judgment, determine that SIBLEY had standing and modify the judgment as against SEMINOLE, ENTERPRISE, TDW and FIRST CALL in favor of SIBLEY and for any other further relief that this Court deems just and proper.

Respectfully submitted

/s/ Adriene Sibley
4808 Fairmont Pkwy
Pasadena, Texas 77505
832-420-2071
sibleyadrien@yahoo.com

32

## CERTIFICATE OF COMPLAINCE

I certify that the foregoing Brief is incomplaince and have been composed with 14pt Times Roman and consist of no more that 7000 words.

/s/   Adriene Sibley

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Brief have been served on the following attorneys for the Seminole Pipeline Co., LLC, Enterprise Products Operating, LLC, First Call Field Service Corp., and TDW Services, Inc. via certified mail on Novenber 24, 2015.

Nancy Elliott

Cynthia Fronterhouse

Marquel  Sautural

/s/   Adriene Sibley



# APPENDIX

TAB      A

Seminole Pipeline Company, LLC
      Plaintiff/ Counter-Defendant,

County Court at Law

v.

No.  3

Adriene Sibley
      Defendant/Counter-Plaintiff,

Brazoria County, Texas

Adriene Sibley
      Third-Party Plaintiff/Plaintiff

v.

Enterprise Products Operating, LLC
First Call Services, Inc.
TDW Services, Inc.
      Third-Party Defendant/Defendant

### Adriene Sibley's First Request for Discovery

To:  Lewis Daniel Cantrell
    11927  Waterford Estate Ct.  Tomball, Texas  77377

YOU ARE REQUIRED pursuant to Texas Rules of Civil Procedure, to answer completely, in writing and **under oath**, the following request for Admissions and  Interrogatories  to Adriene Sibley at her mailing address indicated below within **[thirty]** 30 days of the date of service of these request for admissions.  You are required to produce the request documents as indicated to Adriene Sibley ("Sibley") within **[thirty]** 30 days of the date of service of the request for documents.

Instructions to Request for Admissions

These request for admissions are directed toward all information known or available to Lewis D. Cantrell, including information contained in the records and documents in Lewis D, Cantrell custody or control or available to Lewis D. Cantrell upon reasonable inquiry. Your answer to each request for admission shall specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter, Where request for admissions cannot be answered in full, they shall be answered as completely as possible and incomplete answers shall be accompanied by a specification of the reason for the incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered or incompletely answered request for admission.

Each request for an admission is to be deemed a continuing one. If, after serving an answer to any request for an admission, Lewis D. Cantrell obtains or becomes aware of any further information pertaining to that request for admission, Lewis D. Cantrell is requested to serve a supplemental answer setting forth such information.

**As to every request for an admission which Lewis D. Cantrell fails to answer in whole or in part, the subject matter of that admission will be deemed confessed and stipulated as fact to the court. The same holds true if a competent fact witness is not named to corroborate compliance with discovery.**

Instructions to Interrogatories

These interrogatories are directed toward all information known or available to Lewis D. Cantrell, including information contained in the records and documents in Lewis D. Cantrell custody or control or available to Lewis D. Cantrell upon reasonable inquiry. Where interrogatories cannot be answered in full, they shall be answered as completely as possible and

incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered or incompletely answered interrogatory. If sufficient space for your answer is not provided herein, you may attach additional papers with your answers and refer to your attached answers in the space provided herein.

Each interrogatory is to be deemed a continuing one. If, after serving an answer to any interrogatory, Lewis D. Cantrell obtains or becomes aware of any further information pertaining to that interrogatory Lewis D. Cantrell is requested to serve a supplemental answer setting forth such information.

## Instructions for Production of Documents

Adriene Sibley request Lewis D. Cantrell to produce for inspection and copying the items described at a location within Harris County, Texas within **[thirty]** 30 days of this request. Adriene Sibley asks to be informed of the date, time and place where the requested documents can be copied by her agent or in the alternative, Lewis D. Cantrell may furnish a legible, true and correct copy of each requested document to Adriene Sibley at her mailing address. The requested documents are to be served upon Adriene Sibley within **[thirty]** 30 days after service of this request for production of documents.

## Definitions

"Petitioner," "you," and "your" refer to and are intended to include Lewis D. Cantrell, your employees, and/or your agents, either individually or as a representative of any corporation, association, or partnership, as the case may be, as well as any testifying expert witness retained by you or retained on your behalf relating to this litigation and any consulting experts whose work product has been reviewed by, relates to, or forms the basis, either in whole or in part, or

the mental impressions and opinions of any testifying experts.

"Person" includes and is intended to mean any natural person or the representative of any company, limited liability company, firm, non-publicly traded corporation, association, trust, business trust, partnership, limited partnership, family limited partnership, limited liability partnership, joint venture, proprietorship, or any other form of business entity.

"Relates to" means in whole or in part constitutes, contains, concerns, embodies, relates, analyzes, identifies, states, refers to, deals with, or in any way pertains to.

"Item," "document," or "documents" includes, but is not limited to, each tangible thing, recording, or reproduction of any visual or auditory information, including but not limited to papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations, however made, whether handwritten, typewritten, or printed material, drafts, duplicates, carbon copies, photocopies, e-mail, scanned documents, digital documents, and all other copies.

"Parties" mean Plaintiff, Petitioner, Third-Party Defendant, Defendant or Respondent or all.

"Easement" mean an 30 ft. right-a-way located at A200 S.F. Austin, Tract 10 (PT) or S. CR 400 Brazoria County, Texas owned by the Rossaw heirs.

"Rossaw property" mean the property owned by the Rossaw heirs or Adriene Sibley located outside the 30 ft. easement.

"Seminole" means Seminole Pipeline Company, LLC.

"Enterprise" mean Enterprise Products Operating, LLC.

"work project" mean a repair and maintenance operation.

"First Call" mean the corporation First Call, it's employees, agents, contractors or sub-contractors.

**Instructions**

All information responsive to this request that is not privileged and that is in your possession, custody, or control is to be produced.

"Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to that of the person who has physical possession of the item.

If any of this information is solely in electronic or magnetic form, you must product this information by providing Adriene Sibley with this information on CR-ROM computer disks formatted for IBM-compatible computers with a notation identifying the computer program (including version identification) necessary to access the information.

**Admissions Requested**

1. First Call performed a work project on an easement of Seminole located at S. CR 400 Brazoria County, Texas during the month of December 2013.

_____Admit               _____Deny

2. First Call performed a work project on an easement of Seminole located at S. CR 400 Brazoria County, Texas during the month of January 2014.

_____Admit               _____Deny

3. First Call performed a work project on an easement of Seminole located at S. CR 400 Brazoria County, Texas during the month of February 2014.

_____Admit               _____Deny

4. First Call utilized the Rossaw property outside the 30 ft. easement for the work project on the easement located at S. CR 400 Brazoria County, Texas during the month of December 2013.

_____Admit          _____Deny

5. First Call utilized the Rossaw property outside the 30 ft. easement for the work project on the easement located at S. CR 400 Brazoria County, Texas during the month of January 2014.

_____Admit          _____Deny

6. First Call utilized the Rossaw property outside the 30 ft. easement for the work project on the easement located at S. CR 400 Brazoria County, Texas during the month of February 2014.

_____Admit          _____Deny

7. First Call did not have the consent (verbal or written) of the Rossaw heirs or Sibley to utilize their property outside the 30 ft. easement for the work project during the month of December 2013.

_____Admit          _____Deny

8. First Call did not have the consent (verbal or written )of the Rossaw heirs or Sibley to utilize their property outside the 30 ft. easement for the work project during the month of January 2014.

_____Admit          _____Deny

9. First Call did not have the consent (verbal or written) of the Rossaw heirs or Sibley to utilize their property outside the 30 ft. easement for the work project during the month of February 2014.

_____Admit          _____Deny

10. First Call could not perform the work project on the easement without utilizing the property

of the Rossaw heirs or Sibley outside the easement during the month of December 2013.

_____Admit _____Deny

11. First Call could not perform the work project on the easement without utilizing the property of the Rossaw heirs or Sibley outside the easement during the month of January 2014.

_____Admit _____Deny

12. First Call could not perform the work project on the easement without utilizing the property of the Rossaw heirs or Sibley outside the easement during the month of February 2014.

_____Admit _____Deny

13. First Call was given notice by Sibley that First Call was prohibited from utilizing the property outside the 30 ft. easement for the work project, storage of equipment, workspace or any reason other than to ingress or egress to the right-a-way without the express written permission of the property owner.

_____Admit _____Deny

14. First Call trespassed on the property of the Rossaw heirs or Sibley during the month of December 2013.

_____Admit _____Deny

15. First Call trespassed on the property of the Rossaw heirs or Sibley during the month of January 2014.

_____Admit _____Deny

16. First Call trespassed on the property of the Rossaw heirs or Sibley during the month of February 2014.

_____Admit _____Deny

17. Enterprise contracted with First Call to performed a work project on the easement located

at S. CR 400 Brazoria County, Texas.

_____Admit      _____Deny

18.    First Call sent an invoice to Enterprise for the work project on the easement located at S. CR 400  Brazoria County, Texas.

_____Admit      _____Deny

19.   Enterprise made payment to First Call for the work project that First Call completed on the easement located at S. CR 400 Brazoria County, Texas.

____Admit      _____Deny

20.   Sibley notified First Call that the  rental rate for the use of the property of the Rossaw heirs or Sibley outside the easement was .10 per square ft. for a 60 ft.  x   500 ft. area of land per day.

___Admit      _____Deny

21.    First Call was notified that the utilization of the property of the Rossaw heirs or Sibley outside the easement is construed as an agreement to the compensated the Rossaw heirs or Sibley at the rate of .10 per square ft. for a 60 ft. x 500 ft. area of land.

_____Admit      _____Deny

22.   First Call agreed to compensate the Rossaw heirs or Sibley at the rate of .10 per square ft .for a 60 ft. x 500 ft. area of land  per day for the use of their property outside the easement.

_____Admit      _____Deny

23.   First Call did not contact the Rossaw heirs or Sibley to obtain written consent for the use of their property outside the easement for the work project.

____Admit      _____Deny

24.   First Call's use of the property of  the Rossaw heirs outside the easement after the Notice of

No Trespass constituted an agreement to compensate the Rossaw heirs or Sibley for the use of their property outside the easement.

____Admit ____Deny

25. First Call has a location at 5123 Hiltonview Rd. Houston, Texas 77040.

____Admit ____Deny

26. First Call notified Enterprise that a new lock was installed on the gate to the easement located at S. CR 400 Brazoria County, Texas during the month on January 2014.

____Admit ____Deny

27. First Call utilized the property of the Rossaw heirs or Sibley after the Notice of No Trespass.

____Admit ____Deny

28. Sibley did not deny First Call access to the easement located at S. CR 400 in January 2013.

____Admit ____Deny

29. Sibley did not deny First Call access to the easement located at S. CR 400 in February 2014.

____Admit ____Deny

30. First Call cannot visually identify Sibley.

____Admit ____Deny

**Interrogatories**

1. List the dates that First Call performed the work project on the easement located at S. CR 400 Brazoria County, Texas in December 2013, January 2014, and February 2014.

2.   List the name and contact information of the First Call employee that notified Enterprise or Seminole that a new lock was installed on gate to the easement located at S. CR. 400 Brazoria County, Texas.

3.   List the date and time that the First Call notified Enterprise or Seminole that a new lock was installed on the gate to the easement located at S. CR 400 Brazoria County, Texas.

4.   List the name and contact information of the Enterprise employee that was notified that a new lock was installed on the gate to the easement located at S. CR 400 Brazoria County, Texas.

5.   List the actions of Sibley that denied First Call access to the easement located at S. CR 400 Brazoria County, Texas.

6.   Explain how and when First Call encountered Sibley while performing the work project on the easement located at S. CR 400 Brazoria County, Texas  in December 2013, January 2014 and February 2014.

Please forward all discovery to Adriene Sibley  45 Hardy Ct.  Gulfport, Ms. 39507.

Executed on this _____day of _____2015.

_____
Lewis Daniel Cantrell

State of_____

County of_____

Before me, the undersigned, a Notary Public in and for said County and State on this _____day of _____2015, personally appeared Lewis Daniel Cantrell who is (   ) personally known to me, or (   ) proven by proper identification, to be the person who executed the within and

foregoing instrument.

_____

Notary Public

TAB     B

Seminole Pipeline Company, LLC                          County Court at Law
            Plaintiff/ Counter-Defendant,

v.                                                      No.   3

Adriene Sibley
            Defendant/Counter-Plaintiff,                Brazoria County, Texas

_____

Adriene Sibley
            Third-Party Plaintiff/Plaintiff

v.

Enterprise Products Operating, LLC
First Call Services, Inc.
TDW Services, Inc.
            Third-Party Defendant/Defendant

_____

### Adriene Sibley's First Request for Discovery

To:    Bruce Thames
       6120 Yale Ave  #1700  Tulsa, Ok  75136

YOU ARE REQUIRED pursuant to Texas Rules of Civil Procedure, to answer completely, in writing and **under oath**, the following request for Admissions and Interrogatories  to Adriene Sibley at her mailing address indicated below within **[thirty]** 30 days of the date of service of these request for admissions.  You are required to produce the request documents as indicated to Adriene Sibley ("Sibley") within **[thirty]** 30 days of the date of service of the request for documents.

## Instructions to Request for Admissions

These request for admissions are directed toward all information known or available to Bruce Thames, including information contained in the records and documents in Bruce Thames custody or control or available to Bruce Thames upon reasonable inquiry. Your answer to each request for admission shall specifically deny the matter, or set forth in detail the reasons why you cannot truthfully admit or deny the matter, Where request for admissions cannot be answered in full, they shall be answered as completely as possible and incomplete answers shall be accompanied by a specification of the reason for the incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered or incompletely answered request for admission.

Each request for an admission is to be deemed a continuing one. If, after serving an answer to any request for an admission, Bruce Thames obtains or becomes aware of any further information pertaining to that request for admission, Bruce Thames is requested to serve a supplemental answer setting forth such information.

**As to every request for an admission which Bruce Thames fails to answer in whole or in part, the subject matter of that admission will be deemed confessed and stipulated as fact to the court. The same holds true if a competent fact witness is not named to corroborate compliance with discovery.**

## Instructions to Interrogatories

These interrogatories are directed toward all information known or available to Bruce Thames, including information contained in the records and documents in Bruce Thames custody or control or available to Bruce Thames upon reasonable inquiry. Where interrogatories cannot

be answered in full, they shall be answered as completely as possible and incomplete answers shall be accompanied by a specification of the reasons for the incompleteness of the answer and of whatever actual knowledge is possessed with respect to each unanswered or incompletely answered interrogatory. If sufficient space for your answer is not provided herein, you may attach additional papers with your answers and refer to your attached answers in the space provided herein.

Each interrogatory is to be deemed a continuing one. If, after serving an answer to any interrogatory, Bruce Thames obtains or becomes aware of any further information pertaining to that interrogatory Bruce Thames is requested to serve a supplemental answer setting forth such information.

## Instructions for Production of Documents

Adriene Sibley request Bruce Thames to produce for inspection and copying the items described at a location within Harris County, Texas within **[thirty]** 30 days of this request. Adriene Sibley asks to be informed of the date, time and place where the requested documents can be copied by her agent or in the alternative, Bruce Thames may furnish a legible, true and correct copy of each requested document to Adriene Sibley at her mailing address. The requested documents are to be served upon Adriene Sibley within **[thirty]** 30 days after service of this request for production of documents.

### Definitions

"Petitioner," "you," and "your" refer to and are intended to include Bruce Thames, your employees, and/or your agents, either individually or as a representative of any corporation, association, or partnership, as the case may be, as well as any testifying expert witness retained by you or retained on your behalf relating to this litigation and any consulting experts whose

work product has been reviewed by, relates to, or forms the basis, either in whole or in part, or the mental impressions and opinions of any testifying experts.

"Person" includes and is intended to mean any natural person or the representative of any company, limited liability company, firm, non-publicly traded corporation, association, trust, business trust, partnership, limited partnership, family limited partnership, limited liability partnership, joint venture, proprietorship, or any other form of business entity.

"Relates to" means in whole or in part constitutes, contains, concerns, embodies, relates, analyzes, identifies, states, refers to, deals with, or in any way pertains to.

"Item," "document," or "documents" includes, but is not limited to, each tangible thing, recording, or reproduction of any visual or auditory information, including but not limited to papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations, however made, whether handwritten, typewritten, or printed material, drafts, duplicates, carbon copies, photocopies, e-mail, scanned documents, digital documents, and all other copies.

"Parties" mean Plaintiff, Petitioner, Third-Party Defendant, Defendant or Respondent or all.

"Easement" mean an 30 ft. right-a-way located at A200 S.F. Austin, Tract 10 (PT) or S. CR 400 Brazoria County, Texas owned by the Rossaw heirs.

"Rossaw property" mean the property owned by the Rossaw heirs or Adriene Sibley located outside the 30 ft. easement.

"Seminole" means Seminole Pipeline Company, LLC.

"Enterprise" mean Enterprise Products Operating, LLC.

"work project" mean a repair and maintenance operation.

"TDW" mean the corporation TDW Services, it's employees, agents, contractors or sub-contractors.

**Instructions**

All information responsive to this request that is not privileged and that is in your possession, custody, or control is to be produced.

"Possession, custody, or control" of an item means that the person either has physical possession of the item or has a right to possession of the item that is equal or superior to that of the person who has physical possession of the item.

If any of this information is solely in electronic or magnetic form, you must product this information by providing Adriene Sibley with this information on CR-ROM computer disks formatted for IBM-compatible computers with a notation identifying the computer program (including version identification) necessary to access the information.

<strong>Admissions Requested</strong>

1. TDW performed a work project on an easement of Seminole located at S. CR 400 Brazoria County, Texas during the month of December 2013.

_____Admit                    _____Deny

2. TDW performed a work project on an easement of Seminole located at S. CR 400 Brazoria County, Texas during the month of January 2014.

_____Admit                    _____Deny

3. TDW performed a work project on an easement of Seminole located at S. CR 400 Brazoria County, Texas during the month of February 2014.

_____Admit                    _____Deny

4. TDW utilized the Rossaw property outside the 30 ft. easement for the work project on the

easement located at S. CR 400 Brazoria County, Texas during the month of December 2013.

_____Admit                          _____Deny

5.      TDW utilized the Rossaw property outside the 30 ft. easement for the work project on the easement located at S. CR 400 Brazoria County, Texas during the month of January 2014.

_____Admit                          _____Deny

6.      TDW utilized the Rossaw property outside the 30 ft. easement for the work project on the easement located at S. CR 400 Brazoria County, Texas during the month of February 2014.

_____Admit                          _____Deny

7.      TDW did not have the consent (verbal or written) of the Rossaw heirs or Sibley to utilize their property outside the 30 ft. easement for the work project during the month of December 2013.

_____Admit                          _____Deny

8.      TDW did not have the consent (verbal or written )of the Rossaw heirs or Sibley to utilize their property outside the 30 ft. easement for the work project during the month of January 2014.

_____Admit                          _____Deny

9.      TDW did not have the consent (verbal or written) of the Rossaw heirs or Sibley to utilize their property outside the 30 ft. easement for the work project during the month of February 2014.

_____Admit                          _____Deny

10.    TDW could not perform the work project on the easement without utilizing the property of the Rossaw heirs or Sibley outside the easement during the month of December 2013.

_____Admit                          _____Deny

11.    TDW could not perform the work project on the easement without utilizing the property of

the Rossaw heirs or Sibley outside the easement during the month of January 2014.

_____Admit          _____Deny

12. TDW could not perform the work project   on the easement without utilizing the property of the Rossaw   heirs or Sibley outside the easement during the month of February 2014.

_____Admit          ____Deny

13.   TDW was given notice by Sibley that TDW was prohibited from utilizing the property outside the 30 ft. easement for the work project, storage of equipment, workspace or any reason other than to ingress or egress to the right-a-way without the express written permission of the property owner.

_____Admit               _____Deny

14.   TDW trespassed on the property of the Rossaw heirs or Sibley during the month of December 2013.

____Admit          ____Deny

15.   TDW trespassed on the property of the Rossaw heirs or Sibley during the month of January 2014.

____Admit          ____Deny

16.  TDW trespassed on the property of the Rossaw heirs or Sibley during the month of February 2014.

____Admit          ____Deny

17.   Enterprise contracted with TDW to performed a work project on the easement located at S. CR 400 Brazoria County, Texas.

_____Admit          _____Deny

18.   TDW sent an invoice to Enterprise for the work project on the easement located at S.

CR 400    Brazoria County, Texas.

_____Admit          _____Deny

19.    Enterprise made payment to TDW for the work project that TDW completed on the easement located at S. CR 400 Brazoria County, Texas.

_____Admit          _____Deny

20.    Sibley notified TDW that the rental rate for the use of the property of the Rossaw heirs or Sibley outside the easement was .10 per square ft. for a 60 ft. x 500 ft. area of land per day.

___Admit          _____Deny

21.    TDW was notified that the utilization of the property of the Rossaw heirs or Sibley outside the easement is construed as an agreement to the compensated the Rossaw heirs or Sibley at the rate of .10 per square ft. for a 60 ft. x 500 ft. area of land.

_____Admit          _____Deny

22.    TDW agreed to compensate the Rossaw heirs or Sibley at the rate of .10 per square ft for a 60 ft. x 500 ft. area of land   per day for the use of their property outside the easement.

_____Admit          _____Deny

23.    TDW did not contact the Rossaw heirs or Sibley to obtain written consent for the use of their property outside the easement for the work project.

_____Admit          _____Deny

24.    TDW's use of the property of  the Rossaw heirs outside the easement after the Notice of No Trespass constituted an agreement to compensate the Rossaw heirs or Sibley for the use of their property outside the easement.

_____Admit          ___Deny

25.     TDW has a location at 6120 Yale Ave #1700 Tulsa,Ok   74136.

____Admit      ____Deny

26.   TDW notified Enterprise that a new lock was installed on the gate to the easement located at S. CR 400 Brazoria County, Texas during the month on January 2014.

____Admit      ____Deny

27.   TDW   utilized the property of the Rossaw heirs or Sibley after the Notice of No Trespass.

____Admit      ____Deny

28.   Sibley did not deny TDW access to the easement located at S. CR 400 in January 2013.

____Admit      ____Deny

29.   Sibley did not deny TDW access to the easement located at S. CR 400 in February 2014.

____Admit      ____Deny

30.   TDW cannot   visually identify Sibley.

____Admit      ____Deny

## Interrogatories

1.    List the dates that TDW performed the work project on the easement located at S. CR 400 Brazoria County, Texas in December 2013, January 2014, and February 2014.

2.    List the name and contact information of the TDW employee   that notified Enterprise or Seminole that a new lock was installed on gate to the easement located at S. CR. 400 Brazoria County, Texas.

3.     List the date and time that the TDW notified Enterprise or Seminole that a new lock was installed on the gate to the easement located at S. CR 400 Brazoria County, Texas.

4.     List the name and contact information of the Enterprise employee that was notified by TDW that a new lock was installed on the gate to the easement located at S. CR 400 Brazoria County, Texas.

5.     List the actions of Sibley that denied TDW access to the easement located at S. CR 400 Brazoria County, Texas.

6.     Explain how and when TDW  encountered Sibley while performing the work project.

Please forward the discovery to Adriene Sibley 45 Hardy Ct.   Gulfport, Ms. 39507

Executed on this _____ day of _____ 2015.


_____
Bruce Thames


State of _____

County of _____


Before me, the undersigned, a Notary Public in and for said County and State on this _____ day of _____ 2015, personally appeared Bruce Thames who is (    ) personally known to me, or (    ) proven by proper identification, to be the person who executed the within and foregoing instrument.



_____
Notary Public